■ In the Matter of MELISSA A. FLINT, Appellant, v ANDREW L. ELY, Respondent. [947 NYS2d 735]—

Appeal from an order of the Family Court, Allegany County (Terrence M. Parker, J.), entered July 29, 2011 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, awarded respondent-petitioner primary physical custody of the subject child.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner-respondent mother appeals from an order that, following a hearing, modified the prior custody order pursuant to which the parties had shared physical custody of their child and awarded primary physical custody of the child to respondent-petitioner father and visitation to the mother. The parties agreed that a change in circumstances was created by virtue of the fact that the child had reached the age where he was attending school, rendering the existing shared physical custody arrangement impractical, and thus we need only address whether it was in the child's best interests to award pri-

mary physical custody to the father (*see Matter of Dubuque v Bremiller*, 79 AD3d 1743, 1744 [2010]). Contrary to the mother's contention, Family Court properly determined that awarding primary physical custody of the child to the father was in the child's best interests. " 'Generally, a court's determination regarding custody and visitation issues, based upon a first-hand assessment of the credibility of the witnesses after an evidentiary hearing, is entitled to great weight and will not be set aside unless it lacks an evidentiary basis in the record' " (*id.*). Here, the court's determination that both parties are fit and loving parents but that the father is better able to provide for the child's needs is supported by the requisite " 'sound and substantial basis in the record' " and thus will not be disturbed (*id.*). Present—Centra, J.P., Peradotto, Carni, Lindley and Sconiers, JJ.